UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF ILLINOIS

Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.:  18-27971 |
| Kelsey J. Fernandez | ) | |
| | ) | Chapter: 7 |
| | ) | Honorable Deborah L. Thorne |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

**Order for Relief from Stay to Proceed with Divorce Proceeding**

This matter came on the motion of Kelsey J. Fernandez for an order modifying the automatic stay in her own chapter 7 case.  Although the Debtor need not obtain an order to modify the stay to proceed in her own divorce case this court is providing the following order to avoid any confusion among the parties and to allow the State Court to determine the division of any marital estate property.

The automatic stay does not apply to a wide variety of issues that typically arise in domestic relations proceedings in state court.  Under 11 U.S.C. section 362(b)(1), the stay does not apply to any proceeding:

1. for the establishment or modification of an order for domestic support obligations, which are defined in 11 U.S.C. section 101(14A) to include alimony, maintenance and support of a spouse, former spouse, or child of the debtor;

2. concerning child custody or visitation;

3. for the dissolution of the marriage, except to the extent that the proceeding seeks to determine the division of property that is property of the bankruptcy estate (which means any property in which the debtor had an ownership interest of any kind on the date the bankruptcy proceeding was filed);

4. regarding domestic violence; and

5. regarding the collection of a domestic support obligation (alimony, maintenance or support) from property that is not property of the bankruptcy estate.

Thus, the automatic stay that arose in Kelsey J. Fernandez' bankruptcy case never applied to and does not prevent the state court from hearing and deciding proceedings regarding:

-the appropriate amount of temporary or permanent alimony, maintenance or support,

-the dissolution of the marriage,

-any issues regarding domestic violence, and

-the collection of alimony, maintenance or support from property that is not property of the debtor's bankruptcy estate.  (Note that the bankruptcy estate does not include any post-petition income

of the debtor or any assets he acquired post-petition).

Therefore, all proceedings relating to these matters may continue in state court.

The automatic stay, to the extent it applies, IS HEREBY MODIFIED to permit the state court to proceed to determine the appropriate allocation of marital property, including any property of the bankruptcy estate, except that no final liquidation, transfer or other distribution of property that is part of the bankruptcy estate is permitted without further order of the bankruptcy court.

IT FURTHER ORDERED THAT:

A.   The parties to the divorce proceeding must timely serve David Leibowitz as chapter 7 Trustee of Kelsey J. Fernandez' bankruptcy estate with all filings and all orders entered in the divorce proceeding; and

B.   this order is immediately enforceable notwithstanding Bankruptcy Rule 4001(a)(3) and the 14 day stay in that rule does not apply.

Enter:

Honorable Deborah L. Thorne
United States Bankruptcy Judge

Dated:  May 30, 2019